| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 3-13-2014 |
| | U.S. MAGISTRATE JUDGE | TIME: | 3:09 p.m. (16 minutes) |

*Rozenfeld v. Neurological Associates of Long Island, P.C., et al.*,
**CV-13-4509 (JS) (AKT)**

TYPE OF CONFERENCE: **DISCOVERY STATUS CONFERENCE**

APPEARANCES: Plaintiffs: Brian T. Carr

Defendants: Noorin Hamid

FTR: 3:09-3:25

THE FOLLOWING RULINGS WERE MADE:

1. Lead counsel for Defendants did not appear today. As explained to the parties during the Initial Conference and in the Initial Conference Order and Case Management Order, the Court requires that lead counsel who will be handling this matter throughout the litigation be present for each and every appearance. DE 4 ¶ 1.C. Attorney Hamid was directed to convey this information once again to Attorneys Pariser and/or Mercer who presumably are lead counsel based on the Answer they filed on behalf of the defendants.

2. The Court spent time reviewing with counsel the Discovery Status Report which was filed in advance of today's conference. *See* DE 19. Plaintiff's counsel stated that he will be providing additional responsive documents to Defendants' Document Request Nos. 14 and 15 to the extent that such documents exist. Plaintiff is now withdrawing the objection to Document Request No. 14 and will respond to the request by March 31, 2014.

    The Court expressed its concern about the parties' projected July 31, 2014 deadline for the completion of depositions. At the Initial Conference, the Court advised the parties that they were looking at a mid-June 2014 deadline for the completion of all fact discovery. In response, the parties reported that the July 31, 2014 projected completion date built in additional time in the event that any discovery issues arise in the interim. The parties expect to complete depositions earlier than that date. Counsel noted that they will conduct between 6 and 10 depositions. Especially in light of the anticipated depositions of physicians, the parties were directed to put all witnesses on notice immediately to avoid any scheduling conflicts.

3. Defendants reported that all medical records sought via Plaintiff's HIPAA authorizations have not been received by the Defendants. Although a majority of the documents were served by October 30, 2013, there are some outstanding follow-up items. The Court advised the parties that Plaintiff's deposition is not to be delayed on account of any outstanding medical records.

    If any medical providers have failed to respond to duly executed HIPAA release authorizations within 30 days, the Defendants were directed to advise the Court promptly and the Court will issue an Order directing the provider to comply with the HIPAA authorization. If the records are not timely issued at that juncture, then the Court will consider issuing an Order to Show Cause to the provider.

4. If Defendants intend to schedule an Independent Medical Examination of the Plaintiff, they must plan accordingly so as not to delay expert discovery.

5. Plaintiff reported today that subsequent to the Initial Conference, she began seeking treatment from a psychiatrist for her emotional distress damages. A HIPAA authorization for release of Plaintiff's medical records from her psychiatrist will be provided to Defendants by March 31, 2014.

6. Finally, Plaintiff is directed to provide Defendants with an estimate of her damages no later than March 31, 2014. Plaintiff noted that the general categories of damages being sought have already been provided to the Defendants.

**FINAL SCHEDULING ORDER**:

- Deadline for completion of all discovery:   June 30, 2014

- Deadline to serve expert report(s) and all expert disclosures required under Rule 26 for any party utilizing an expert in its case-in-chief:   August 8, 2014

- Deadline to serve rebuttal expert report(s) and expert disclosures:   September 19, 2014

- All expert depositions must be completed by:   October 3, 2014

- Any letter request for a pre-motion conference to Judge Seybert for purposes of making a summary judgment motion must be filed by:   November 7, 2014[1]

- Proposed Joint Pre-Trial Order must be filed on ECF by:   January 9, 2015

- <u>Pre-Trial Conference will be held on</u>:   January 14, 2015 at 2 p.m.

**SO ORDERED**:

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

---

[1]  Counsel are reminded that pursuant to Judge Seybert's Individual Practice Rules, the parties must serve their Rule 56.1 Statement of Undisputed Facts and Rule 56.1 Counterstatement prior to filing the letter request to Judge Seybert for a pre-motion conference.