Case 2:13-cv-04509-JS-AKT   Document 22   Filed 05/19/14   Page 1 of 2 PageID #: 102



**Robert Pariser**
212-915-5927 (Direct)
Robert.Pariser@wilsonelser.com

May 19, 2014

**VIA ECF AND HAND DELIVERY**

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court of the Eastern District of New York
100 Federal Plaza
Central Islip, New York   11722-9014

    Re:   *Izabella Rozenfeld v. Neurological Associates of Long Island, P.C.*
            *and Jeffrey T. Kessler*
            Case No. :  13-CIV-4509
            Our File No. :  10893.00048

Dear Magistrate Tomlinson:

    This office represents the defendants, Neurological Associates of Long Island, P.C. and Jeffrey T. Kessler.  We write to request an in camera review of redacted discovery materials.

    Pursuant to an authorization from the plaintiff, we have received records relating to the plaintiff's psychological treatment with Dr. Jerry Kleiman. The plaintiff does not dispute that these records are relevant to her claims of emotional distress.

    The set of records that we received from Dr. Kleiman are redacted.  No privilege log or other explanation for the redactions accompanied the records.

    On receipt of the redacted records, we inquired of Dr. Kleiman regarding the basis of the redactions. We were advised that the patient's family member's records were actually a part of the plaintiff's file. We do not understand how this could be so, and if those pages were misfiled, why they were not simply removed. The fact that they were apparently intentionally made a part of the plaintiff's chart makes us believe that they are relevant to the plaintiff's care.

    Generally, the defendants have no interest in the plaintiff's family member's records as he has not placed his condition at issue in this case. If the records are a part of the plaintiff's chart, however, and it is true, as we suspect, that they relate to the plaintiff's care, the defendants are entitled to review these materials. To determine whether this is so, we respectfully request that this court order and conduct an *in camera* review of the records. If they are irrelevant to the plaintiff, the defendants make no claim to them. Otherwise, they must be disclosed.

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris
**wilsonelser.com**

6130746v.2

There is no prejudice to the plaintiff by this court simply examining the records at issue, because if the defendants are not entitled to them, there will be no disclosure.

There is a second issue with the records as well. The plaintiff has represented to us that her treatment with Dr. Kleiman began in January 2013. In accord, the plaintiff's authorization was time-limited and authorized the disclosure of records dating only that far back. The disclosed portions of Dr. Kleiman's records indicate, however, that the plaintiff's treatment started before January 2013. Accordingly, it is requested that a part of this court's inquiry with respect to these records include the start date of the plaintiff's treatment. Obviously, since her emotional claims indisputably put her psychological care at issue, the defendants are entitled to discover the entirety of her records in this regard, not merely the records that either post-date her alleged trauma or begin on some arbitrary date chosen by the plaintiff.

A copy of Dr. Kleiman's records will be provided to Your Honor under seal as per the protective order entered into by the parties in this matter. We have given the plaintiff advance notice of this letter application.

Given the discovery schedule, we request that the *in camera* inspection be directed forthwith, preferable within a week from today's date, provided that the court's schedule so permits.

We thank the court for its consideration of this request.

Respectfully Submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*R. Pariser*

Robert J. Pariser (RP0276)
Noorin Hamid (NH1651)


cc:  BRIAN T. CARR, ESQ. (BC2519)
     Attorneys for Plaintiff
     IZABELLA ROZENFELD
     125 Broad Street
     New York, New York   10004

6130746v.2